UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JP MORGAN CHASE BANK, NA,

    Plaintiff,

v.                                                                       Case No. 05-74141

LARRY WINGET and the LARRY WINGET
LIVING TRUST,

    Defendants.
_____/

**MEMORANDUM**

This is a commercial finance dispute. Plaintiff JPMorgan Chase Bank, N.A., is the Administrative Agent (Agent) for a group of lenders (Lenders) that extended credit to Venture Holdings Company, LLC (Venture) under a Credit Agreement.[1] Agent is suing defendants Larry Winget and the Larry Winget Living Trust (collectively, Winget) seeking specific performance and declaratory relief related to a written guaranty agreement (Guarantee) in favor of Agent in connection with the indebtedness of Venture Holdings Company, LLC (Venture), a company owned by Winget.

The Agent filed a motion for judgment on the pleadings to (1) strike Winget's affirmative defenses as they relate to both counts of the complaint and (2) for judgment on count I of the complaint. The motion was heard on September 27, 2006 at which time the Court stated that the Agent was entitled to summary judgment on Count I, Count II would be dismissed without prejudice and Winget's affirmative defenses as

---

[1] Bank One, NA, was the Administrative Agent for the lenders. It merged with JP Morgan in 2004.

related to Count II and in particular as to their counter-claims, would be determined in the 2006 case. Winget v. JP Morgan Chase Bank, NA, 06-13490 (the "2006 case.").[2]

The Court directed the parties, particularly the Agent, to prepare an order implementing the decision. The parties have been unable to agree on the form of order and have submitted competing orders to the Court. The Court has reviewed the proposed orders, which differ with respect to the language in paragraphs 2 and 5.

Paragraph 2 as prepared by the Agent tracks the language of the September 21, 2005 letter to Winget which sets forth reasonable compliance procedures for the inspection and audit. The Agent's complaint requested performance in accordance with the letter. The order properly incorporates the procedures set forth in the letter, which is nothing more than a structure for facilitating the Agent's inspection and audit rights under section 11 of the Guaranty. Winget's proposed version of paragraph 2 injects issues not briefed, argued, or adjudicated.

Paragraph 5 as prepared by the Agent accurately reflects the Court's disposition of Count II. Winget's proposed language is not necessary and might be interpreted to limit the Agent's rights in a manner not adjudicated by the Court.

Accordingly, the Court will enter the order in the form prepared by the Agent.


Dated: November 22, 2006         s/Avern Cohn
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE

---

[2] On October 3, 2006, the Court issued a Memorandum explaining the Court's reasons.

**05-74141 JP Morgan Chase Bank, NA v. Winget, et al**

**Proof of Service**

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, November 22, 2006, by electronic and/or ordinary mail.

      s/Julie Owens
      Case Manager, (313) 234-5160